UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:00-cr-00077-GZS |
| | ) | |
| MITCHELL WALL, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION
AND
RECOMMENDED DECISION**

Mitchell Wall has filed a motion captioned "Motion for Evidentiary Hearing Pursuant to Lafler v. Cooper and Missouri v. Frye" (ECF No. 75) bearing the docket number of his criminal conviction in this court, United States v. Wall, 2:00-cr-00078-GC, a case involving allegations of and convictions for health care fraud and unlawful possession of oxycontin. The clerk has docketed the current motion in United States v. Wall, 2:00-cr-00077-GC, a related case that resulted in a conviction for selling or dispensing cocaine, resulting in a death and also resulting in a life sentence for Wall. In 2005, Wall filed a motion to vacate pursuant to 28 U.S.C. § 2255, raising eighteen separate grounds relating to both convictions, including that his defense attorney failed to communicate to him an alleged seventeen-year plea offer the government allegedly conveyed to his attorney on October 4, 2001. (Wall v. United States, 2:05-cv-00053-GC, Motion to Vacate at 7, ECF No. 1.) The October 4, 2001, plea offer appears to be the very same plea offer mentioned in the current motion. This court denied Wall's motion to vacate and ultimately the First Circuit affirmed that denial in a per curiam order. (See ECF Nos. 40 and 53 in 2:05-cv-00053-GC.) I now deny the motion for an evidentiary hearing and I recommend that if the Court construes this motion as an attempt to file a second or successive section 2255 motion it be

dismissed without prejudice to Wall's right to pursue whatever relief he deems appropriate in the First Circuit Court of Appeals.

*A Motion for Evidentiary Hearing*

Wall apparently believes that an intervening change in the law enunciated by the United States Supreme Court automatically entitles him to an evidentiary hearing, even though the judgments of conviction became final on December 11, 2003, and a collateral challenge has already been denied. He cites no authority in support of that proposition. The only authority that covers this situation is 28 U.S.C. § 2244(b)(2)(A), which recognizes that a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, presents grounds for filing a second or successive petition. While Wall has correctly noted that the Supreme Court has recently decided some new cases addressing ineffective assistance of counsel in the context of guilty pleas, nothing in those opinions or in existing federal habeas law changes the basic directive of 28 U.S.C. § 2244(b)(3)(A) or (d)(1), the basic gatekeeping barriers to untimely or second or successive motions under section 2255 that require the Court of Appeals to approve any such petition.

Wall's current motion for an evidentiary hearing is based primarily on an argument that the recent Supreme Court opinions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), relating to ineffective assistance of counsel in the context of guilty pleas, are retroactively applicable to his case. The cases deal with counsel's failure to convey to the defendant plea offers from the prosecution and the recommendation by counsel to reject a plea offer and proceed to trial based on unsound advice. Even if Wall were correct that those cases were somehow retroactively applicable to his situation, his remedy would not be for this court to convene an evidentiary hearing in a closed case based upon the motion he filed. He

has cited no authority for that procedure and to the best of my knowledge, there is no authority for such a proceeding. I deny his motion.

***Converting the Motion to a Motion Pursuant to 28 U.S.C. § 2255***

If the court chooses to treat Wall's motion as a second or successive motion for relief pursuant to 28 U.S.C. § 2255, then the available alternatives are to either dismiss the petition without prejudice or transfer it to the First Circuit Court of Appeals. See First Circuit Local Rule 22.1.

Section 2244 of the federal habeas corpus statute provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This motion clearly represents Wall's second attempt to obtain post-conviction relief from this Court. Given this presentation, this Court lacks jurisdiction to hear the motion. 28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

For the sake of completeness and to assist in the analysis of the current motion, I will repeat my recommendation from the first section 2255 petition dealing with the October 4, 2001, plea negotiation.

> With respect to plea offers, Wall recounts that on August 24, 2001, the United States offered (to recommend) Wall receive a seventeen-year sentence if he pled guilty and cooperated and that Wall declined this offer. Then, after the first trial on the cocaine distribution count which resulted in a life sentence, the United States offered (to recommend) a seventeen-year plea agreement if Wall waived his right to a direct appeal and a 28 U.S.C. § 2255 motion. It is clear that Wall

3

believes that this plea offer was to apply to both cases against him. In his addendum he explains that he "would have been a fool to reject [the seventeen-year] offer if it was offered especially after a conviction was already obtained with a minimum life sentence." Wall claims that counsel never notified him of this October 4, 2001, offer. He states that an October 5, 2001, counsel did phone him at the jail "advising him that the case would get overturned" because of the fact that the testimony by the officer/witness that $115 cash was attributable to Wall was incorrect yet counsel did not mention anything about the plea offer.

In his 'affidavit' Wall asserts that his attorney failed to advise him that the government had made plea offers both prior to and after his (first) trial. He describes these plea offers as "drastically reduc[ing] the sentencing exposure" he would have faced. In his addendum Wall argues that the reliance on the misattributed $115 by the prosecution was key to linking Wall to the cocaine that killed Fortin as it was "the change" for that purchase. He also states that the bag of money negatively impacted his credibility because he testified that he did not have any money. Thus, with respect to why the United States would offer a seventeen-year sentence in a case in which it had secured a life sentence, Wall hypothesizes that they may have anticipated that his conviction on the cocaine charges would be overturned on direct appeal—especially because of the discovery of the incorrect testimony attributing the $115 dollars to Wall—which is why the prosecution insisted that Wall forfeit his right to appeal as part of the agreement. "Secondly, and this might stretch credulity," Wall suggests, "the Government may have felt that the Movant represented the lowest form on the drug world's totem pole, and as such, did not deserve to have to spend the rest of his natural life in prison." "Finally," argues Wall, "the Government reasonably could have feared that Movant successfully would vacate the prior state conviction that would support the mandatory life sentence."

However, the exhibit that Wall cites to is an October 4, 2001, fax that is a plea agreement that makes it clear that, as to the conviction on the distribution case: "21 U.S.C. § 841(b)(1)(C) mandates a life sentence because Wall has a prior drug trafficking conviction." (Docket No. 5 Attach. at EEE 76-77.) Wall's construction of the plea proposal based on where the hand-written notations are made does not alter this reality; "Painting a pumpkin green and calling it a watermelon will not render its contents sweet and juicy." Arruda v. Sears, 310 F.3d 13, 24 (1st Cir. 2002). In view of the mandatory statutory life sentence, it is also evident that, even if the United States had made a recommendation to the Court that Wall receive a seventeen-year sentence on both offenses, this Court would not have considered following this recommendation.

(United States v. Wall, 2:05-cv-00053-GC, Recommended Decision at 22-23, ECF No. 34

(footnote omitted).)

4

Based upon the foregoing, to the extent that Wall's motion for an evidentiary hearing could be interpreted as a second or successive motion pursuant to 28 U.S.C. § 2255, I recommend that the court summarily dismiss the motion without prejudice to Wall's right to pursue whatever relief is available in the First Circuit Court of Appeals. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases should Wall seek to appeal from this order because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 2, 2013                                    /s/ Margaret J. Kravchuk
                                                 U.S. Magistrate Judge